IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICAH ERNEST TUCKER, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | NO. 1:22-cv-00001 |
| v. | ) ) | JUDGE CAMPBELL |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Micah Tucker brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's ("SSA") denial of his application for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability. (Doc. No. 1).

On January 18, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 27), recommending that the Court grant Plaintiff's Motion for Judgment on the Record (Doc. No. 20). The Commissioner filed timely objections (Doc. No. 28), to which Plaintiff has responded (Doc. No. 29). For the reasons discussed herein, the Objections are OVERRULED, the R&R is ADOPTED, and Plaintiff's Motion for Judgement on the Record is GRANTED.

## STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009).

Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted).

## LAW AND ANALYSIS

The facts and procedural history are well-explained in the R&R and not subject to objection. Accordingly, the Court will not repeat them except where necessary. Plaintiff's sole objection to the finding of the ALJ was that she failed to sufficiently explain her reasons for discounting the opinion of Woodrow Wilson, M.D. (Doc. No. 20). The Magistrate Judge agreed and recommended that the case be remanded for further consideration of Dr. Wilson's opinion. In her objections, the Commissioner makes substantially the same arguments already considered by

the Magistrate Judge: that the ALJ's findings are supported by substantial evidence in the record. (*See* Doc. Nos. 23, 28).

In evaluating claims, the ALJ is specifically tasked with "evaluating the persuasiveness" of the medical opinions and previous administrative medical filings by considering: supportability, consistency, relationship with the claimant (which includes several considerations), specialization, and other enumerated and unenumerated factors. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)1-5. The ALJ is required to "articulate in [their] determination[s] or decision[s] how persuasive [they] find all of the medical opinions" in the record. *Id*. §§ 404.1520c(b), 416.920c(b). "Where, however, an ALJ fails to follow agency rules and regulations [such as these], we find a lack of substantial evidence, 'even where the conclusion of the ALJ may be justified based upon the record.'" *Miller*, 811 F.3d at 833 (quoting *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014)).

Here, the finding of the ALJ with respect to Dr. Wilson is limited. The opinion recites Dr. Wilson's examination findings and concludes:

> Dr. Wilson opined the claimant was able to lift in the range of 30-40 pounds occasionally; stand and walk two to four hours each; sit four to six hours in an eight-hour workday. He concluded the claimant was capable of attending to daily activities.
>
> Dr. Wilson is a one-time examining source who has not been involved in treatment of the claimant. In terms of the lifting, carrying, standing, walking, and sitting restrictions, this conclusion is unpersuasive since these findings are inconsistent with the claimant's relatively good physical functioning demonstrated during the actual examination and by the opinions provided by the Sate agency medical consultants as seen above (Exhibits 1A; 2A; 5A; 6A).

(Doc. No. 15 at PageID# 86). The Court agrees with the Magistrate Judge that it is not clear from this finding why the ALJ found Dr. Wilson less persuasive than the agency medical consultants, who never examined the Plaintiff, or how Dr. Wilson's opinions were inconsistent with Plaintiff's

3

presentation during examination, the opinions of the agency consultants, or the medical record in the case.

Though the Commissioner argues that the record supports the ALJ's finding, she points only to the ALJ's conclusions and not to any articulation that would allow this Court to understand the distinction drawn and satisfy the regulatory requirements. *See Hardy v. Comm'r of Soc. Sec*. 554 F.Supp.3d 900, 906 (E.D. Mich. 2021) (stating that where an ALJ fails to "meet these minimum levels of articulation" it "frustrates [the] court's ability to determine whether [claimant's] disability determination was supported by substantial evidence."(internal quotations omitted)). Accordingly, the Court cannot, on this record, make a finding that the ALJ's conclusions were supported by substantial evidence. *See Miller*, 811 F.3d at 833.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Commissioner's objections, for the reasons stated herein, the Court concludes that the objections are without merit, and the Report and Recommendation should be adopted. Accordingly, the Report and Recommendation is hereby **ADOPTED and APPROVED**. Plaintiff's Motion for Judgment on the Record (Doc. No. 20) is **GRANTED**. This case is remanded to the SSA for further consideration consistent with this opinion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE